## Sterner v. Stambaugh

*Harvey A. Gross*, for plaintiff.

*James G. Glessner*, for defendant.

NILES, P. J., December 5, 1935.—This is an action for damages resulting from the collision of two automobiles on Broadway, in Hanover.

Mrs. Anna B. Sterner was in the automobile, belonging to a daughter and driven by another daughter, Mary, on an errand to bring home her husband, Irvin H. Sterner, from his place of work, at about ten o'clock in the evening. The daughter who owned the automobile was not with them. As the Sterner car was going north there was a place before them where a sewer connection was being made for the house of Paul Miner. Ditches for this purpose were open on each side of the 20-feet wide macadam portion, in the dirt portion of the street; the sewer pipe was to be taken under the macadam. A light had been placed on each side of the macadam at the ends of the ditches. When Miss Sterner was about 30 feet south of the ditches and lights, driving north, a car driven south by the defendant, Richard Stambaugh, passed between the two lights, and running from the west to the east side of the road collided with the Sterner car which was on that, its right, side. Both cars were damaged and Mrs. Sterner was injured.

The defense set up was that defendant's car suddenly became uncontrollable, and that the collision was the result of an unavoidable misfortune which he could not foresee, and was without negligence on defendant's part.

The case was submitted to the jury with appropriate instructions. The verdict was for the plaintiff, Irvin H. Sterner, for $247, the total of the expenses paid and incurred by him, with nothing for Mrs. Sterner, the plaintiff who received the physical injuries. In response to the question of the trial judge: "Anything for Mrs. Sterner?", the jury's reply was: "No compensation for Mrs. Sterner."

Now counsel for plaintiffs presses his motion for a new trial, alleging the verdict to be against the law and the evidence.

We are convinced that the complaint of plaintiffs is valid, and that reasonable justice requires a new trial. The verdict, covering Mrs. Sterner's expenses, was necessarily based upon a finding that the collision was the fault of the defendant, with no contributory negligence of plaintiffs. This established, Mrs. Sterner was legally entitled to some compensation for the painful and long-continued injuries she suffered. We should hesitate to grant a new trial simply because a verdict may seem illogical. When, however, it is clear that one part of a verdict is based upon a conclusion of fact which the other part directly repudiates, it is clear that some misunderstanding or perversity has entered into the result. By their verdict in favor of the husband the jury recorded their conclusion that the collision was caused by defendant's negligence. If defendant was guilty of such negligence as to make him liable for the resulting expenditures of Mr. Sterner, that same negligence made him liable to Mrs. Sterner for the personal injuries to her. There was no pretense that she was not painfully injured. Her skull was fractured, though it healed after a year. Her eyes were bruised, her nose lacerated, her lips and chin were hurt, and her leg

was injured. It was testified by physicians called by defendant that upon examination a year after the accident her hurts had largely healed. But no one pretended that she had not been injured in the serious and painful manner described by her unimpeachable witnesses. The jury gave her no consideration whatever. The amount of damage was left to the sound judgment of the jury upon the evidence. It was their duty to exercise such judgment. The verdict indicates that for some cause they did not do so. We must conclude that the verdict was against the law and the evidence. The only remedy under the circumstances is a new trial.

And now, to wit, December 5, 1935, plaintiffs' motion for new trial filed October 18, 1935, is granted, the rule thereon made absolute, and a new trial ordered accordingly.